UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| CHASE KOVACH, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>US STAR TRUCKING LLC,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Plaintiff Chase Kovach ("Plaintiff") brings this putative class action against Defendant US Star Trucking LLC ("Defendant") and, based upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and upon information and belief, including through investigation by Plaintiff's counsel, as to all other matters, Plaintiff alleges as follows:

## NATURE OF THE ACTION

1. This putative class action arises out of Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, and the Federal Communications Commission's implementing regulations ("TCPA").

2. Through its enactment of the TCPA, Congress "targeted unwanted text messages (as well as unwanted phone messages)." *Drazen v. Pinto*, 74 F.4th 1336, 1343 n.5 (11th Cir. 2023).

3. To promote its goods and services, Defendant engages in unsolicited text message marketing to consumers in violation of the TCPA.

4. As alleged herein, Defendant repeatedly violated the TCPA by (1) sending automated text messages to Plaintiff and the proposed Class (the "Class," defined below) without having prior express written consent; (2) sending text messages to Plaintiff and the Class members

while their phone numbers were registered on the national do-not-call ("DNC") registry without their prior express written consent; and (3) by continuing to send text messages to Plaintiff and the Class members even after they had clearly requested to not receive further messages.

5. Through this action, Plaintiff seeks statutory damages and injunctive relief for Defendant's violations of the TCPA, which has resulted in intrusion into Plaintiff's and the Class members' peace and quiet in a realm that is private and personal. *See Drazen*, 74 F.4th at 1345.

## JURISDICTION AND VENUE

6. This Court has federal question subject matter jurisdiction over Plaintiff's federal TCPA claims pursuant to 28 U.S.C. § 1331.

7. This Court has personal jurisdiction over Defendant because Defendant is a Tennessee corporation with its principal place of business in Tennessee. Moreover, this suit arises out of and relates to Defendant's contacts with this state. Defendant initiated and directed the unlawful text messages at issue from Tennessee to Plaintiff's cellular telephone.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant is deemed to reside in this district, and because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

9. Plaintiff is a natural person and, at all relevant times, was a resident of Collin County, Texas.

10. Defendant is a Tennessee Corporation with its principal place of business in Knox County, Tennessee.

## FACTUAL ALLEGATIONS

11. To promote the sale of its goods and services, Defendant engages in aggressive and intrusive telemarketing using automated technology to send text messages solicitations to consumers, without their prior express written consent, including to consumers whose phone numbers are registered on the national DNC registry, and to consumers who already made requests to not receive future communications from Defendant.





12. As shown in the images above, commencing on or about April 1, 2024, Defendant or agents acting on Defendant's behalf transmitted an unsolicited text message to Plaintiff's cellular telephone number ending in 1031.

13. As shown, Plaintiff immediately texted back the word "STOP" in all capitalized letters to make clear to Defendant that he did not wish to receive text messages from Defendant.

14. Defendant ignored Plaintiff's opt-out request and, on April 2, 2024, Defendant or agents acting on Defendant's behalf transmitted another automated text message to Plaintiff's cellular phone.

15. Plaintiff immediately responded to reiterate his prior stop request and made clear to Defendant that he felt harassed by Defendant's unsolicited text messages: "I already said stop. Any further communication will be considered harassment[.]"

16. Defendant again ignored Plaintiff's stop request and transmitted another automated text message solicitation to Plaintiff's cellular phone on or about April 3, 2024.

17. Plaintiff again immediately texted back "stop" for a third time.

18. Defendant ignored Plaintiff's third stop request and transmitted another automated text message solicitation to Plaintiff's cellular phone on or about April 7, 2024, which was a Sunday.

19. The next day, Plaintiff again texted back "stop" for a fourth time.

20. Again, Defendant ignored Plaintiff's fourth stop request and transmitted another automated text message solicitation to Plaintiff's cellular phone, the same day as Plaintiff's fourth stop request, on or about April 8, 2024.

21. At that point, Plaintiff advised Defendant he would be contacting a lawyer regarding Defendant's continued text message solicitation harassment of Plaintiff.

22. Undeterred, Defendant sent Plaintiff yet another text message on July 2, 2024.

23. Upon information and belief, the subject text messages to Plaintiff were transmitted using an automated system that calls phone numbers from a stored list using a random or sequential number generator to select those phone numbers.

24. The following facts strongly suggest that Defendant used such automated technology to send the text messages at issue: (1) Plaintiff never provided Defendant with his phone number; (2) Plaintiff has no existing business relationship with Defendant; (3) text message solicitation campaigns are designed to market to a mass audience, and Defendant's text messages to Plaintiff were generic and obviously prewritten and, thus, were designed for *en masse* transmission; (4) Defendant's text messages include automated "opt out" language; and (5) Defendant's website concedes that it engages in "automated sales calls."[1]

---

[1] *Available at* https://www.usstartruckingllc.com/privacy-policy (last visited June 22, 2024).

25. Defendant's text messages introduce an advertisement and constitute "telephone solicitations" under the TCPA because they were sent for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services.

26. Plaintiff is the subscriber and sole user of his cellular phone, and he is financially responsible for the service to that number.

27. Moreover, Plaintiff registered his cellular phone number on the national DNC registry on August 12, 2005, and it has been so registered at all relevant times.

28. Plaintiff never provided Defendant with prior express written consent, or any consent, to receive text messages solicitations or text messages using automated technology.

29. Even if, *arguendo*, Plaintiff had consented to receive Defendant's telephone solicitations and automated messages (which he did not), Plaintiff revoked any such purported consent when he texted back the word "Stop."

30. Defendant's failure to honor Plaintiff's optout request strongly suggests that Defendant (1) does not have a written policy for maintaining an internal do not call list, as required by 47 U.S.C. § 64.1200(d)(1); (2) does not inform and train its personnel engaged in telemarking on the existence and use of any internal do-not-call list, as required by Section 64.1200(d)(2); and (3) does not maintain a record of a consumer's request not to receive further calls, as required by Section 64.1200(d)(6).

31. Defendant's telemarketing messages caused Plaintiff and the Class members concrete injury and actual damages, including inconvenience, invasion of privacy, aggravation, annoyance, intrusion upon seclusion, and violation of their statutory privacy rights.

## CLASS ALLEGATIONS

32. Plaintiff brings this action individually and as a class action under Fed. R. Civ. P. 23 on behalf of the following proposed Classes:

**The "TCPA No Consent" Class**: All persons within the United States who, within the four years prior to the filing of this lawsuit and the date of class certification, (1) were sent a text message, (2) by or on behalf of Defendant, (3) to their cellular telephone number, (4) using the same equipment or type of equipment used to message Plaintiff, (5) and who did not give prior express written consent to receive such messages.

**The "TCPA DNC Registry" Class**: All persons in the United States who, within the four years prior to the filing of this lawsuit and the date of class certification, (1) were sent two or more text messages in any 12-month period (2) by or on behalf of Defendant (3) for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, (4) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days.

**The "TCPA Internal DNC" Class**: All persons within the United States who, within the four years prior to the filing of this lawsuit and the date of class certification, (1) made a request to not receive telemarketing by Defendant; but (2) were sent two or more text messages in any 12-month period (3) by or on behalf of Defendant (4) for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services.

33. The proposed Classes defined above are collectively referred to as the "Classes" or, at times, the "Class."

34. Plaintiff reserves the right to expand or narrow the definitions of each Class following discovery and prior to moving for class certification.

35. Excluded from the Class are Defendant and its employees and agents.

36. *Numerosity.* The members of the Class are so numerous that individual joinder is impracticable. Plaintiff cannot know the exact number of Class members affected by Defendant's conduct, but based on the general nature of telemarketing campaigns, Plaintiff believes, and therefore alleges upon information and belief, that each Class includes, at a minimum, 40 members. The members of the Class are ascertainable because they are defined by reference to objective criteria. The exact number and identities of the Class members are unknown at this time

but can be ascertained through discovery, and identification of the Class members is a matter capable of ministerial determination from Defendant's records.

37. ***Common questions of law and fact predominate.*** There are numerous questions of law and fact common to the Classes that predominate over any questions affecting only individual members of the Classes, which will produce common answers that will drive resolution of the litigation, and they include, but are not limited to, the following:

a. Whether Defendant sent text messages to Plaintiff and the Class using an automated telephone dialing system within the meaning of the TCPA;

b. Whether Defendant sent text messages to Plaintiff and the Class while their telephone numbers were registered on the national DNC registry;

c. Whether Defendant sent text messages to Plaintiff and the Class after they texted back "stop" or otherwise made a request to not receive future telemarketing;

d. Whether Defendant had adequate processes or protocols in place to prevent sending text messages to persons who made a request to not receive telemarketing;

e. Whether Defendant's text messages constitute "telephone solicitations" under the TCPA;

f. Whether Defendant can meet its burden of showing that it had express written consent to send text messages to Plaintiff and the Class;

g. Whether Defendant is liable to Plaintiff and the Class for statutory damages, and the amount of such damages; and

h. Whether Defendant should be enjoined from engaging in such conduct in the future.

38. ***Typicality.*** Plaintiff's claims are typical of the claims of the members of the Class because they are based on the same factual and legal theories, Plaintiff and the Class members were harmed by Defendant in the same way, and Plaintiff is not subject to any unique defenses.

39. ***Adequacy of Representation.*** Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained counsel highly experienced in complex consumer class action litigation, and Plaintiff intends to vigorously prosecute this action. Further, Plaintiff has no interests that are antagonistic to those of the members of the Class.

40. ***Superiority.*** A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by members of the Class are in the millions of dollars, the amount of individual damages to each member of the Class resulting from Defendant's wrongful conduct does not warrant the expense of individual lawsuits. The likelihood of individual members of the Class prosecuting their own separate claims is remote and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

41. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not.

## CAUSES OF ACTION

## COUNT 1

### Violation of the TCPA, 47 U.S.C. § 227(b)
### (On Behalf of Plaintiff and the TCPA No Consent Class)

42. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs above as though fully set forth herein.

43. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system…to any telephone number assigned to a…cellular telephone service[.]" 47 U.S.C. § 227(b)(1)(A)(iii).

44. It is a violation of the FCC's implementing regulations that are actionable through the TCPA to "initiate any telephone call (other than a call made for emergency purposes or is made with the prior express consent of the called party) using an automatic telephone dialing system…to any telephone number assigned to a…cellular telephone service[.]" 47 C.F.R. § 64.1200(a)(1)(iii).

45. Additionally, it is a violation of those FCC regulations to "[i]nitiate, or cause to be initiated, any telephone call that includes or introduces an advertisement or constitutes telemarketing, using an automatic telephone dialing system…other than a call made with the prior express written consent of the called party or the prior express consent of the called party when the call is made[.]" 47 C.F.R. § 64.1200(a)(2).

46. As alleged herein, Defendant—and/or agents or third parties directed and/or controlled by Defendant—transmitted text messages using an automatic telephone dialing system, including calls that introduce an advertisement or constitute telemarketing, to the cellular telephone numbers of Plaintiff and members of the Class.

47. Defendant did not have prior express consent to send automated text messages to Plaintiff and the other members of the Class.

48. Defendant did not have prior express written consent to send automated text messages that introduce an advertisement or constitute telemarketing to Plaintiff and the other members of the Class.

49. Defendant, therefore, violated Section 227(b)(1)(A)(iii) and Sections 64.1200(a)(1)(iii) and (a)(2), promulgated thereunder.

50. As a result of Defendant's violations of the TCPA, Plaintiff and the other members of the Class were harmed.

51. Plaintiff and the members of the Class are entitled to an injunction against Defendant's conduct. § 227(b)(3)(A).

52. Under the TCPA, Plaintiff and the Class are entitled to an award of liquidated statutory damages of $500.00 for each text messages that violates the TCPA. § 227(b)(3)(B).

53. Because Defendant knew that it did not have prior express written consent to send the subject text messages, and Defendant knew or should have known that it was using an automatic telephone dialing system, Defendant's violations of the TCPA were willful or knowing.

54. Under the TCPA, Plaintiff and the Class are entitled to an award of treble statutory damages of $1,500.00 for each willful or knowing violation of the TCPA. § 227(b)(3)(C).

## COUNT 2

**Violation of the TCPA, 47 U.S.C. § 227(c)**
**(On Behalf of Plaintiff and the TCPA DNC Registry Class)**

55. Plaintiff re-alleges and incorporates by reference the allegations in the paragraphs above, except for the allegations in the preceding Count, as though fully set forth herein.

56. The TCPA establishes a national DNC registry of phone numbers of consumers who object to receiving telephone solicitations. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014.

57. The FCC's implementing regulation under the TCPA provides that "[n]o person or entity shall initiate any telephone solicitation to[] [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government." 47 C.F.R. § 64.1200(c)(2).

58. A "telephone solicitation" is defined as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of … property, goods, or services, which his transmitted to any person", but excludes a call or message "to any person with that person's prior express invitation or permission" and "to any person with whom the caller has an established business relationship." § 64.1200(f)(15).

59. A violation of Section 64.1200(c) is actionable through 47 U.S.C. § 227(c)(5), which provides a private right of action for any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under [Section 227(c)]," which includes Section 64.1200(c). § 227(c).

60. Defendant violated Section 64.1200(c) by initiating, or causing to be initiated on its behalf, more than one telephone solicitation in a 12-month period to Plaintiff and the members of the TCPA DNC Registry Class while their respective telephone numbers were registered on the National DNC Registry.

61. As a result of Defendant's violations of the TCPA, Plaintiff and the other members of the Class were harmed.

62. Plaintiff and the members of the Class are entitled to an injunction against Defendant's conduct. *See* § 227(c)(5)(A).

63. Plaintiff and the Class are entitled to an award of statutory damages of $500.00 for each text messages that violates the TCPA. *See* § 227(c)(5)(B).

64. Because Defendant knew or should have known that it was contacting numbers on the national DNC registry without consent, Defendant's violations of the TCPA were willful or knowing.

65. Plaintiff and the Class are entitled to an award of treble statutory damages of $1,500.00 for each willful or knowing violation of the TCPA. *See* § 227(c)(5)(C).

## COUNT 3

### Violation of the TCPA, 47 U.S.C. § 227(c)
### (On Behalf of Plaintiff and the TCPA Internal DNC Class)

66. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs above, except for the allegations in the preceding Counts, as though fully set forth herein.

67. Under the FCC regulations promulgated under and actionable through the TCPA:

> No person or entity shall ***initiate any call for telemarketing purposes*** to a residential telephone subscriber ***unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity***. The procedures instituted must meet the following minimum standards:
>
> **(1)** *Written policy*. Persons or entities making…calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.
>
> **(2)** *Training of personnel*. Personnel…engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

**(3)** *Recording, disclosure of do-not-call requests*. If a person or entity making…any call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not- call request. A person or entity making…any call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity.

\* \* \*

**(6)** *Maintenance of do-not-call lists.* A person or entity making…any call for telemarketing purposes must maintain a record of a consumer's request not to receive further calls. A do-not-call request must be honored for 5 years from the time the request is made.

47 C.F.R. § 64.1200(d) (emphasis added).

68. The TCPA provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under [Section 227] may" bring a private action. 47 U.S.C. § 227(c)(5).

69. Plaintiff and the TCPA Internal DNC Class members made requests to Defendant to not receive future text message solicitations.

70. Defendant failed to honor Plaintiff's and the TCPA Internal DNC Class members' opt-out requests.

71. Defendant's failure to honor Plaintiff's opt-out request strongly suggests that Defendant does not comply with requirements of Section 64.1200(d) to (1) maintain the required written policies; (2) provide adequate training to its personnel engaged in telemarketing; (3) maintain an internal do-not-call list; and (4) honoring opt-out requests.

72. Because Defendant does not comply with the requirements of Section 64.1200(d), Defendant violated Section 64.1200(d) every time it "initiate[d] *any call* for telemarketing purposes" (*i.e.* every text message it sent as part of its telemarketing campaign, regardless of whether any consumer texted back "stop" or otherwise made an optout request).

73. As a result of Defendant's violations of the TCPA, Plaintiff and the other members of the Class were harmed.

74. Plaintiff and the members of the Class are entitled to an injunction against Defendant's conduct. *See* § 227(c)(5)(A).

75. Plaintiff and the Class are entitled to an award of statutory damages of $500.00 for each text messages that violates the TCPA. *See* § 227(c)(5)(B).

76. Because Defendant knew or should have known that it was initiating calls for telemarketing purposes without having the procedures in place to record and honor opt out requests that Section 64.1200(d) requires, Defendant's violations of the TCPA were willful or knowing.

77. Plaintiff and the Class are entitled to an award of treble statutory damages of $1,500.00 for each willful or knowing violation of the TCPA. *See* § 227(c)(5)(C).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the proposed Classes, prays for the following relief:

A. An Order certifying the Classes, appointing Plaintiff as Class Representative, and Plaintiff's counsel as Class Counsel;

B.  An Order declaring that Defendant's actions alleged herein violate the TCPA;

C.  An award to Plaintiff and each member of the Class of statutory damages of $500 for each text message that violates the TCPA, and an award of $1,500 for each violation found to be knowing or willful;

D.  An award to Plaintiff and the Class of attorneys' fees and costs of this action.

E.  An injunction requiring Defendant to stop sending text messages to Plaintiff the Class without prior express written consent, and to comply with the requirements of 47 C.F.R. § 64.1200(d).

F.  Such further and other relief as the Court deems necessary.

## JURY TRIAL DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Dated: July 2, 2024                    Respectfully submitted,

/s/ Christopher Kim Thompson

**Thompson Law**
Christopher Kim Thompson, Bar # 015895
4525 Harding Pike, Suite 259
Nashville, Tn. 37205
615-832-2335
kim@thompsonslawoffice.com
(Local Counsel for Plaintiff)

**GOLD LAW, PA**
Chris Gold
Florida Bar No. 088733
350 Lincoln Rd., 2nd Floor
Miami Beach, FL 33139
Tel: 561-789-4413
chris@chrisgoldlaw.com
(*Pro Hac Vice* forthcoming)

**AJK LEGAL**
Alexander Korolinsky
Florida Bar No. 119327
1580 Sawgrass Corporate Pkwy., Suite 130

Sunrise, FL 33323
Tel: 888-815-3350
korolinsky@ajklegal.com
(*Pro Hac Vice* forthcoming)

*Counsel for Plaintiff and the Proposed Classes*